## Public School District Contracts With Private, NonReligious Institutions for Vocational Education

PACKEL, Attorney General, April 24, 1974.—In your letter of January 30, 1974, you posed several related questions concerning the enrollment of public secondary pupils in private schools for vocational education. Specifically, you asked:

1. Can a public school district, through contracts with private, nonreligious training facilities, obtain vocational-technical services for resident public school pupils?

2. May a public school district use local tax funds to pay tuition to private, nonreligious training schools which provide vocational-technical instruction to their resident pupils on a contract basis?

3. Can pupils from comprehensive high schools who are educated in the above-described manner be included for ADM reimbursement to the public school districts for the portion of time they are enrolled in the private school?

It is our opinion, and you are advised, that such programs as explained below are lawful, and the department may reimburse the school district for the attendance of its students in such programs.

I.

The Public School Code of March 10, 1949, P. L. 30, as amended, 24 PS §18-1801, et seq., and the regulations promulgated by the State Board of Education, 22 Pa. Code §6.1, et seq., provide for a comprehensive program of vocational education in every school district. Vocational education is defined in 24 PS §18-1801(2) as follows:

"(2) 'Vocational education' shall mean any form of education of less than college grade, given in school or

elsewhere, the purpose of which is to fit an individual to pursue effectively a recognized profitable employment, whether pursued for wages or otherwise."

Section 6.71 of the regulations, 22 Pa. Code §6.71, reads:

"Vocational education shall be part of a comprehensive educational program in every school district to assist in providing career awareness, career exploration and preparation for occupational specialization on the secondary level."

Thus, it is the intent of both the legislature and the State board to have diverse programs of vocational education in various surroundings so long as the goal of total career educational programming is being served: 22 Pa. Code §6.72.

Of course, the primary responsibility for providing vocational educational programs lies with the public schools. The whole scheme of the School Code is designed to have public programs of education take place in the public schools, consonant with the regulations and standards of the State board and the Department of Education. However, this general rule, absent prohibitory laws or regulations, is subject to exception.

It is quite easy to conceive of a program of vocational education which would help fit an individual to a potential employment situation, of interest to the pupil, and of need to society which, because of its nature, has heretofore been unavailable in the public schools or which cannot be provided efficiently in the public sector. For instance, expensive and technologically complicated equipment might be needed which is available in the private sector but which the public schools cannot afford. Such programs may also require teachers and supportive staff which, due to the nature of the discipline, cannot be secured by the public schools.

In view of the above and after a review of the school

laws, we can find no reason why a school district may not lawfully contract with a private, nonreligious school for programs as described above. However, the districts must be cautioned to use this tool with reservation so that their primary responsibility to provide programs within the public schools is not ignored.

## II.

As to your third question, it is our opinion, and you are advised, that pupils attending a program similar to the type described above are enrolled in the public schools for ADM purposes and may be included for reimbursement computations. By way of explanation, we are including herein our discussion on this subject as contained in the October 16, 1972, memorandum to Commissioner Carroll, which you have attached to your request.

Section 2501(3) of the Public School Code, 24 PS §25-2501(3), provides that Average Daily Membership be computed in accordance with rules of procedure established by the Superintendent of Public Instruction. These rules are currently set forth in a booklet entitled "Instructions for School Attendance Register," published in 1969 by the Department of Education. In this booklet, ADM is defined as follows:

"Average Daily Membership is the average number of pupils belonging each day in a classroom (or report group), school or school district for the period of the report."

The key to this definition is the word "belonging." Its use, rather than "present" or "in attendance" is why the contract system should not interfere with ADM reimbursements.

The rules further state that "a pupil belongs from the date of entry in school to the date of withdrawal." Therefore, a student who enters or enrolls in a given school is counted for ADM purposes, whether he is

present or not. He no longer belongs only when he withdraws.

The word "withdraws" presents another hurdle. Withdrawal classification W3 of the above-cited rules states: "Promoted or transferred to nonpublic school." "Nonpublic school" is defined as one not supported by taxation. It would then seem that assignment to a private school under contract would be a withdrawal, thus removing the student from the ADM. However, a look at the definition of "withdrawal" overcomes this argument. The rules define "withdrawal" as permanently severing connection with classes, grades and schools for the school year. This is certainly not true of the program being considered. The student receives grades, promotion, control, disciplinary sanctions, etc., from the public school. There is no permanent severance contemplated.

In summary, as long as the method of reimbursement is based on pure Average Daily Membership (ADM) and not some measure that takes into consideration the actual physical presence of the student in the public school facility, the use of educational services by contract will not prevent the appropriate school authority from counting the student for purposes of ADM reimbursement.